### JOSIAH PIERCE, *in Equity, versus* JAMES FAUNCE.

Unless it clearly appear from the report of the master, or otherwise, that he has acted under a mistake, it will be sustained.

The rule for computing interest upon interest-bearing claims, when partial payments have been made.

In stating the account between the parties to a bill in equity to redeem a mortgage, the master should ascertain the gross amount of rents and profits; and then the costs of reasonable repairs and improvements on the premises; the taxes thereon; together with a suitable compensation for the care and management of the estate; from the gross amount of rents and profits the charges against the estate are to be taken, and, whenever the balance in the hands of the mortgagee exceeds the interest on the mortgage debt at that time, it is to be regarded and deducted as in case of partial payment; and so on from year to year.

When an estate is incumbered with dower, the mortgagee, so long as he occupies, may either permit the dowress to enter, or pay her a reasonable compensation for her right during his occupation; and, for such sum thus paid, he should be allowed.

He is to be allowed also for all expenses necessary for the protection and preservation of the estate.

New erections are not necessarily such.

When a mortgagee insures on his own account, he is not, as a matter of course, entitled to charge the premium to the estate.

Where the master reported an increased rate of rent, and disallowed a claim for an amount of wood and timber alleged to have been cut from the premises by the mortgagee: — *Held*, that, if erroneous, the burden was upon the respondent to show it.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. BILL IN EQUITY, to redeem mortgaged premises.

The complainant claimed as grantee of the original mortgager, and the respondent as the assignee of the mortgagee.

The bill was filed at the March term, 1864.

At the December term, 1864, the bill was taken *pro confesso*, and Alvah Black, Esq., was appointed master to ascertain and report the account between the parties.

At the following March term, the master·made his report, stating among other things, that he "had appropriated the sums due the defendant for repairs and improvements to the payment of the sums due the plaintiff for rents and profits

and other claims; and on the balances, whichever way they might be, I have allowed *no interest.*"

"Amount paid Diana Byram for right of dower, $10, I have not allowed."

The master also reported that he allowed only for repairs, and disallowed claims for new erections on the premises.

To the acceptance of the master's report, the respondent filed written objections; but the presiding Judge, *pro forma,* overruled the objections, and the respondent excepted.

*J. J. Perry,* for the respondent.

*Lewis Pierce,* for the complainant.

APPLETON, C. J.—The owner of the equity of redemption brought his bill against the mortgagee to redeem certain mortgaged premises.

Upon the default of the defendant, a master was appointed to determine the amount due on the mortgage. The matter was heard by him and, upon the presentation of his report, objections were made to its acceptance, which being overruled, the defendant alleged exceptions.

Unless it appears clearly, from the report of the master or otherwise, that he has acted under a mistake, his report will be sustained. *Adams* v. *Brown,* 7 Cush., 220.

1. It appears from the master's report that he allowed the defendant for improvements and repairs, and charged him with the rents and profits of the estate, appropriating the sums allowed defendant for repairs and improvements, &c., to the payment of the sum due the complainant for rents and profits and other claims, and on the balances, whichever way they might be, he allowed no interest.

The rule for the computation of interest in case of partial payments has been conclusively established and invariably acted upon. Where partial payments have been made on a note, or other claim bearing interest, the interest is to be computed on the principal sum, from the time when the interest commenced, to the first time when a payment was made, which exceeds alone or in conjunction with the pre-

ceding payments, if any, the interest at that time due; add the interest to the principal, and from the sum subtract the payment made at that time, together with the preceding payments, if any, and the remainder forms a new principal, on which to compute and subtract the interest, as upon the first principal, and proceed in this manner to the time of judgment. *Dean* v. *Williams*; 17 Mass., 417; *Leonard* v. *Wildes*, 36 Maine, 265.

By R. S., 1857, c. 90, §§ 2, 13, 19, the mortgagee in possession is to account for the " clear rents and profits, from the time of the entry" or "for sums found due for rents and profits over and above the sums *reasonably* expended in repairing and increasing the value of the estate redeemed."

It is immaterial how the mortgagee is paid, whether in money or by the rents and profits of the mortgaged estate, the payment in either event is equally beneficial to him. If in money, the rule for the computation of interest is well established. If by rents and profits, the same principle applies. The gross amount of the rents and profits is to be ascertained, as well as the costs of reasonable repairs and improvements on the premises, and a suitable compensation for the care and management of the estate and taxes thereon, one sum to be set off against the other, and whenever the balance in the hands of the mortgagee exceeds the interest on the mortgage debt at that time, it is to be regarded and deducted, as in case of a partial payment on such debt, and so on from year to year. " Had the rents and profits exceeded the sums paid for repairs and betterments, so as to have applied to the payment of the note, then," observes SHAW, C. J., in *Reed* v. *Reed*, 10 Pick., 398, " as in other cases of part payment, where interest and principal are both due, the creditor has a right first to apply the payments to the keeping down interest, before any part is applied to the reduction of the principal." This is substantially the rule adopted by this Court, in *Ireland* v. *Abbott*, 24 Maine, 155, and, although not in entire conformity with that of the Eng-

lish Courts of Chancery, it is one which seems to do the most perfect and entire justice to all parties.

2. It would seem that the estate was incumbered with dower. The mortgagee, so long as he occupied the estate, might either permit the dowress to enter, or pay her a reasonable sum for her right of dower during the period of his occupation. For such sum, thus' paid, he is to be allowed.

3. There is nothing before us, which in any way impeaches the justice of the allowance made by the master for repairs and improvements. " The mortgagee," observes Lord LANGDALE, in *Sandon* v. *Hooper*, 6 Beavan, 246, " has not a right to make it more expensive for the mortgager to redeem than may be required for the purpose of keeping the property in a proper state of repair and for protecting the title to the property." But he is to be allowed for all expenses necessary for the protection and preservation of the estate. *Reed* v. *Reed*, 10 Pick., 398 ; *Ruby* v. *Abyssinnian Society*, 15 Maine, 306. '

4. It does not appear that insurance was effected with the privity of the mortgager or at his request. Where the mortgagee insures on his own account he is not, as a matter of course, entitled to charge a premium to the mortgaged estate. *Mix* v. *Hotchkiss*, 14 Conn., 32.

5. The taxes are to be paid out of the rents and profits. If they were insufficient for that purpose, then interest should be allowed. But it does not appear that such was the case.

6. The master is appointed to determine the reasonable annual rents of the estate. It seems, that during the occupation of the mortgagee, he increased the charge for rent. It nowhere appears, that he erred in so doing.

7. If the decision as to wood and timber cut by the mortgagee was erroneous, the burden is on the excepting party to show such error. This he has not, in any mode, attempted to do.

The first and second exceptions to the master's report sustained, and the remaining exceptions overruled.

The case is recommitted to the master so far as the exceptions are sustained.

KENT, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.

WALTON, J., having been of counsel, took no part in the decision.